# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEKAL T. JAMES,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 17-cv-00537-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Dekal T. James' Motion (Doc. 1) to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Mr. James' motion survives this threshold review and the Court orders the government to file its response.

On August 16, 2007, Mr. James plead guilty to one count of conspiracy to distribute "crack cocaine;" two counts of distribution of "crack cocaine;" and one count of using a residence for the purpose of distributing "crack cocaine." *See USA v. Dekal T. James*, 07-cr-40006, SDIL, Doc. 100. He was sentenced on January 11, 2008, to imprisonment for 262 months and 10 years of supervised release. *See USA v. Dekal T. James*, 07-cr-40006, SDIL, Doc. 186. He completed his term of imprisonment and commenced his supervised release on December 4, 2015.

On April 20, 2016, the government petitioned to revoke Mr. James' supervised released for his failure to register as a sex offender, failing to maintain employment, failure to notify his probation officer of his change in address, and failure to notify his probation officer of being arrested or questioned by a law enforcement officer. *See USA v. Dekal T. James*, 07-cr-40006, SDIL, Doc. 518. At the final revocation hearing, the Court revoked Mr. James' supervised

released and sentenced him to 36 months of imprisonment with no supervised released. *See USA v. Dekal T. James*, 07-cr-40006, SDIL, Doc. 531.

Petitioner filed his 28 U.S.C. § 2255 Petition on May 22, 2017, alleging ineffective assistance of counsel at the revocation hearing. The Court has reviewed the petition and has identified the following claim:

1. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to appeal the revocation decision.
2. Whether Petitioner was denied due process by ineffective assistance of counsel for failing to advise Mr. James of a plea offer.

Mr. James also alleges that he was denied due process by ineffective assistance of counsel for his counsel failure to file appropriate motions; failing to submit evidence; and failing to review evidence with the petitioner. However, these allegations are extremely vague. Mr. James does not specifically state what motions he believed should have been filed, or what specific evidence he claims was not submitted, or how that evidence would have affected the outcome of the revocation hearing.

Therefore, the Court **GRANTS** petitioner **14 days** to submit a supplement to his § 2255. The supplement is **LIMITED** to Ground Three and should clarify and provide supporting facts to his general claim. The supplement is required to be filed on or before **June 9, 2017**.

The Court next **ORDERS** the Government to file a response to Mr. James' petition (Doc. 1) and any supplement by **July 10, 2017.** The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply brief (no longer than 5 pages) by **July 31, 2017.**

If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:** 5/24/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**